**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOSUE CAMPOS-CONRRADA, | ) | |
| ID # 44261-177, | ) | |
|          **Movant,** | ) | **No. 3:12-CV-4405-M-BH** |
| vs. | ) | **No. 3:12-CR-0089-M (01)** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|          **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255,* filed November 1, 2012 (doc. 1), should be **DENIED** with prejudice.

**I. BACKGROUND**

Josue Campos-Conrrada (Movant) challenges his federal conviction and sentence in Cause No. 3:12-CR-089-M. The respondent is the United States of America (Government).

**A.**    <u>**Plea and Sentencing**</u>

Movant was charged by indictment with illegal reentry after removal from the United States in violation of 18 U.S.C. § 1326(a) and (b)(2). (*See* Indictment). On May 22, 2012, he pled guilty without a plea agreement. (*See* doc. 15, 17).[1] He also signed a factual resume admitting to facts sufficient to support his plea. (*See* doc. 12).

The pre-sentence report (PSR) prepared by the probation office contained a sixteen-level enhancement based on Movant's previously removal from the United States as result of a robbery conviction that was determined to be a crime of violence. It also included a two-level decrease in

---

[1] All document numbers refer to the docket number assigned in the underlying criminal action.

the sentencing guideline for acceptance of responsibility, with a resulting sentencing guideline range of 51 to 62 months. (PSR ¶¶ 19, 25, 50). Neither party objected to the PSR. Prior to sentencing, Movant signed a sentencing agreement in which he waived the right to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or having been calculated by way of an arithmetic error or to challenge the voluntariness of his plea or waiver and to bring a claim of ineffective assistance of counsel. (doc. 25). In exchange, the Government agreed to move for a one-level decrease in his sentencing guideline. *Id.*

At the sentencing hearing on October 3, 2012, Movant's attorney argued for a downward departure on grounds that the 16-level enhancement based on the previous robbery was excessive for several reasons: Movant pled guilty to the charge and was sentenced to only two years, he was only eighteen years old at the time of the robbery, he had only been deported once before, and his arrest for felony reentry stemmed from a traffic stop rather than another crime. (doc. 33 at 10-11). The Court granted the Government's motion for an additional one-level reduction in sentence due to acceptance of responsibility, adopted the PSR, and denied the defense's motion for downward departure. (doc. 33 at 16-19). The one-level reduction resulted in a new sentencing guideline of 46 to 57 months, and the Court sentenced Movant to 46 months' imprisonment with credit for time served since his arrest on March 23, 2012. (*Id*. at 19, doc. 27).

Movant did not appeal his conviction and sentence to the Fifth Circuit. He did file a motion for a modification in sentence pursuant to 18 U.S.C. § 3582, seeking a four-level reduction in his sentencing guideline under the "fast-track" program. This motion was denied by Court because the Government had elected not to proceed under that program in Movant's case. (docs. 29, 30).

2

B.      **Substantive Claims**

Movant asserts the following claims:

(1)  his attorney was ineffective for:

–rushing him to plead guilty, rather than allowing seventy days to elapse and filing a motion to dismiss the indictment based on the denial of a speedy trial (Mot. at 3);

–failing to argue that the 16-level sentence enhancement was "arbitrary and capricious" because it was based on a tainted state robbery conviction (Mot. at 2);

–failing to investigate the facts underlying that conviction, which would have revealed that the information contained in the PSR regarding the offense was fraudulent, and obtaining testimony from his co-defendant in that case in support (Mot. at 2, 5); and

(2) he was selectively prosecuted because his co-defendant in the state case has not been prosecuted for illegal re-entry (Mot. at 5).

The government filed a response on December 7, 2012.  (*See* Resp. Opp'n Mot. (Resp.).)  Movant did not file a reply.

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well established that "a collateral challenge may not do service for an appeal."  *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).  Defendants may only collaterally attack their convictions on grounds of error omitted from their direct

appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant claims that his trial attorney provided ineffective assistance of counsel respects.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To show prejudice

in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh.  *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice").  The second prong of *Strickland* is not satisfied by mere speculation and conjecture.  *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).  Conclusory allegations are also insufficient to obtain relief under § 2255.  *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A.     **Speedy Trial**

Movant claims that his attorney was ineffective for "rushing him" to plead guilty rather than allowing seventy days to elapse and then arguing that the indictment should be dismissed because Movant's right to a speedy trial had been violated.

The Speedy Trial Act provides that when a defendant pleads not guilty, trial shall commence within seventy days either from the date the indictment was filed or the date of his first appearance in court, whichever date is later.  *See* 18 U.S.C. § 3161(c)(1).  Movant first appeared in federal court on March 23, 2012, and pled not guilty.  He pled guilty on May 22, 2012.  The Speedy Trial Act applies when a defendant pleads not guilty, and Movant does not claim that he was willing to continue to plead not guilty.  Even if he had, he has not shown that the Court would have permitted the seventy days to lapse without requiring him to go to trial.  Furthermore, if either party had requested a continuance, any resulting delay based on a finding that the ends of justice outweigh the interest in a speedy trial is excludable from this seventy-day time period.  *See* § 3161(h)(7)(A), (B).

5

Movant has not shown that any request for a continuance would have been denied.  Finally, while an indictment shall be dismissed upon motion of the defendant if he is not brought to trial within the time limit required by § 3161(c), as extended by § 3161(h), the indictment may be dismissed with or without prejudice based on the facts and circumstances that led to the dismissal.  *See* 18 U.S.C. § 3162(a)(2).  Movant has not shown that any attempt by defense counsel to purposely have his right to a speedy trial violated would have resulted in a dismissal with prejudice to the Government's ability to re-indict him.

In addition, Movant's plea of guilty resulted in a three-level reduction in his sentencing guideline.  Had he not pled guilty in a timely manner and waived his appellate rights, he would have lost this sentencing reduction.  He has not shown deficiency or prejudice, his attorney was not ineffective, and this claim is without merit.

## B.    <u>Underlying State Conviction</u>

Movant also asserts that his attorney was ineffective for failing to investigate his previous state robbery conviction, present a fact witness with respect to that conviction, and argue that the 16-level enhancement for this prior crime of violence was arbitrary and capricious because the conviction was tainted.

When alleging that counsel was ineffective for failing to fully investigate a case, "[a] movant 'must allege with specificity what the investigation would have revealed and how it would have altered the outcome' of the proceeding." *Potts v. United States*, 566 F. Supp. 2d 525, 537 (N.D. Tex. 2008) (accepting recommendation of Mag. J.) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)); *see also Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (same, applied in case where habeas petition was brought by state prisoner).  Furthermore, the Fifth Circuit has held that complaints of uncalled witnesses are not favored in habeas corpus review because the presentation

6

of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. *Day v. Quarterman*, 566 F3d 527, 538 (5th Cir. 2009). To prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Day v. Quarterman*, 566 F3d at 538; *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

Here, copies of Movant's state court records were included as exhibits to the PSR. They reflect that he was initially charged with an aggravated robbery that occurred in April of 2009, that he pled guilty to the lesser-included offense of robbery pursuant to a plea agreement, and that he was sentenced to two years' imprisonment on July 29, 2009. As part of his guilty plea at the state court, Movant signed a judicial confession admitting that he used or exhibited a knife and placed the victim in fear of imminent bodily injury or death during the course of committing a theft. (doc. 18-1 at 13-19). In a sentencing memorandum and at sentencing, counsel argued that a 16-level sentence enhancement based on Movant's state conviction was excessive because he received a short sentence and was only eighteen. (doc. 33 at 9-10).

Movant has not shown that his attorney was deficient for failing to investigate further because he has not shown what further investigation would have shown, that his co-defendant in the state case was available and willing to testify, and that his testimony would have been beneficial. He has also failed to establish prejudice because he has not shown that his sentence would have been less harsh if the co-defendant had testified. During his sentencing hearing, Movant stated that the robbery conviction occurred because he was "at the wrong place with the wrong people," that his state lawyer did not help him because he "was not guilty of it," that he was there but he "didn't

commit the crime," and that he pled guilty because the sentence that was offered to him was a short one. (doc. 33 at 12, 13, 14).  The Court noted the judicial confession that Movant signed admitting that he threatened someone with a knife, that he received a low sentence because he pled guilty, that had he would have received a longer sentence if he had gone to trial and been found guilty, and that it was an established offense with established facts.  It specifically stated that it would not go behind those established facts.  (doc. 33 at 17).  Movant has not shown that any additional facts about the state conviction from his co-defendant would have resulted in a lower sentence.

Furthermore, other than an allegation that a defendant was denied counsel in a prior proceeding, a district court "may not entertain a collateral attack on a prior conviction used to enhance the sentence" unless such a collateral attack is otherwise legally recognized.  *United States v. Longstreet*, 603 F.3d 273, 276-77 (5th Cir. 2010).  Here, there was no legal basis for defense counsel to attempt to collaterally attack Movant's state conviction by arguing that it was "tainted." He instead made a reasonable strategic decision to argue that Movant's young age when the robbery occurred and his cultural assimilation in the United States warranted a downward departure in sentencing.  (doc. 33 at 9-10).  While this argument was not ultimately successful, counsel was not ineffective for failing to argue that Movant's prior conviction was "tainted."  *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").  Movant's claims of ineffective assistance of counsel should be denied.[2]

## IV. WAIVER

Movant also contends that he has been subject to selective prosecution because he was charged with illegal re-entry, but his co-defendant from the state offense had also been found in the

United States after his deportation but was not charged with illegal re-entry. (Mot. at 5).

Pursuant to a sentencing agreement, Movant waived his right to appeal his conviction and sentence except to argue on direct appeal that the sentence exceed the statutory maximum punishment or an arithmetic error at sentencing or to challenge either the voluntariness of his guilty plea or appellate waiver or bring a claim of ineffective assistance of counsel. (doc. 25 at 2). A claim of selective prosecution is therefore waived under this agreement. Movant does not assert that his appellate waiver was involuntary. The Court admonished him about the ramifications of this agreement at his sentencing hearing, and Movant stated under oath that he was voluntarily waiving his right to appeal except for certain specific issues. (doc. 33 at 4-6). Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). This claim should therefore be denied as barred by the appellate waiver.

## V. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that movant is entitled to no relief.

## VI. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 7th day of June, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

10